## WITHINGTON v. ROBERTS & CO.

### No. 1234.

District Court, D. Delaware.

Jan. 31, 1938.

Stewart Lynch and Martin G. Hannigan, both of Wilmington, Del., for plaintiff.

Hugh M. Morris and Alexander L. Nichols, both of Wilmington, Del., for defendant.

NIELDS, District Judge.

December 20, 1937, the bill of complaint was filed praying injunctive relief only. The prayers are:

"That an order be entered herein enjoining and restraining temporarily and permanently, the defendant company from holding a meeting of stockholders for the purpose of amending the certificate of incorporation and of reducing its capital.

"That an order be entered enjoining and restraining temporarily and permanently, the defendant from consummating the amendment of its certificate of incorporation and reduction of its capital."

The bill was not sufficiently verified by one having knowledge of the facts and no affidavits in support of the bill were filed. A motion for temporary restraining order was accordingly denied.

January 17, 1938, a hearing was held on bill and affidavits.

Defendant proposed to reduce its capital and to retire all its outstanding capital stock except 250 shares by distributing pro rata its assets among its stockholders.

The 250 shares were to be retained by two stockholders of debtor other than complainant as a consideration for the release by them of all claims against the debtor.

December 21, 1937, upon due notice, the stockholders of defendant adopted appropriate resolutions for the above purpose by a vote of 477,860 shares in favor thereof and none against, out of a total of 525,414 shares. The necessary certificates of reduction of capital and of amendment of certificate of incorporation have been filed and recorded as required and due notice of said reduction and amendment have been published. The laws of Delaware, the certificate of incorporation, and the by-laws have been complied with

in all respects. All the assets of defendant consisting of shares of stock duly endorsed have been delivered to a transfer agent with instructions to issue the same to the stockholders of defendant upon the surrender by them of their shares in defendant. By January 10, 1938, 310,000 shares of defendant had been exchanged. It was strictly fait accompli.

An injunction would be unavailing in this case because the acts sought to be enjoined have already occurred. If an injunction can accomplish nothing, it should not issue. Section 26 of Delaware Corporation Law, Rev.Code 1935, § 2058, sets forth the steps to be taken in effecting an amendment: "And upon so filing and recording the same, the Certificate of Incorporation of said corporation shall be deemed to be amended accordingly." Section 28 of the same act, Rev.Code 1935, § 2060, prescribes the steps by which the capital of a corporation may be reduced. It requires that a certificate be filed and recorded, and adds: "Upon the completion of such filing and recording the capital of the corporation shall thereby be so reduced." Not only has the amendment been made and the capital reduced but the distribution of the assets of defendant has been effected, in large part. If plaintiff has any right to relief, it cannot be obtained by the pending bill.

The motion must be denied.